6. That the items making up the total cost of production are as follows:

| | Item 1 | Items 2 & 7 | Items 3 & 5 | Item 4 | Item 6 |
|---|---|---|---|---|---|
| | Can. $ | Can. $ | Can. $ | Can. $ | Can. $ |
| Cost of Canadian materials and fabrication | 7. 08 | 7. 08 | 7. 08 | 9. 08 | 7. 78 |
| General expenses | 1. 61 | 1. 61 | 1. 61 | 1. 61 | 1. 61 |
| Packing | . 30 | . 30 | . 30 | . 30 | . 30 |
| Usual profit | 8. 06 | 6. 84 | 7. 50 | 7. 01 | 9. 09 |
| Cost of glass panels | 5. 57 | 6. 74 | 6. 17 | 4. 62 | 8. 60 |
| Total | 22. 62 | 22. 57 | 22. 66 | 22. 62 | 27. 38 |

I conclude as matters of law:

1. That cost of production, as that value is defined in section 402(f) of the Tariff Act of 1930, is the proper basis for determining the value of the electric heaters here involved, and that such values are the appraised values, to wit:

> Item 1 and 4 @ Can. $22. 62 each, net packed
> Item 2 and 7 @  "  $22. 57 each, net packed
> Item 3 and 5 @  "  $22. 66 each, net packed
> Item 6        @  "  $27. 38 each, net packed

2. That the value of the American-made components, the glass panels, cannot be found by adding to their *per se* value any part of the general expenses incurred and profits earned in Canada in connection with the manufacture of the electric heaters.

3. That, since the record discloses no values for such panels other than those found by the appraiser, such values must stand.

4. That the values of the glass panels, as found by the appraiser, are:

> Item 1        @ Can. $5. 57 each
> Item 2 and 7 @  "  $6. 74 each
> Item 3 and 5 @  "  $6. 17 each
> Item 4        @  "  $4. 62 each
> Item 6        @  "  $8. 60 each

Judgment will be rendered accordingly.

REHEARING MOTIONS GRANTED

APRIL 22, 1960

Reap. Dec. 9688.—Hospitaline, Inc. *v.* United States, reappraisement R58/27022.—

Motion by plaintiff.

Reap. Dec. 9689.—Standard Sewing Equipment Corp. *v.* United States, reappraisements R59/12404 and R59/13186.—
Reap. Dec. 9650. Motion by plaintiff.